UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MORGAN FORD, individually and on
behalf of others similarly situated,

          Plaintiff,

    -against-

RENSSELAER POLYTECHNIC INSTITUTE,

         Defendant.

-------------------------------------------------------------x

1:20-CV-470[DNH/CFH]

___ Civ. ___ (___) (___)

CLASS ACTION COMPLAINT
(JURY TRIAL DEMANDED)

Plaintiff Morgan Ford ("Plaintiff") by and through undersigned counsel, brings this action against Rensselaer Polytechnic Institute ("Defendant" or the "University") on behalf of herself and all others similarly situated, and makes the following allegations based upon information, attorney investigation and belief, and upon Plaintiff's own knowledge:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this case as a result of Defendant's decision to close campus, constructively evict students, and transition all classes to an online/remote format as a result of the Novel Coronavirus Disease ("COVID-19").

2. While closing campus and transitioning to online classes was the right thing for Defendant to do, this decision deprived Plaintiff and the other members of the Class from recognizing the benefits of in-person instruction, housing, meals, access to campus facilities, student activities, and other benefits and services in exchange for which they had already paid fees and tuition.

3. Defendant has either refused to provide reimbursement for the tuition, housing, meals, fees and other costs that Defendant is no longer providing, or has provided inadequate

1

and/or arbitrary reimbursement that does not fully compensate Plaintiff and members of the Class for their loss.

4. This action seeks refunds of the amount Plaintiff and other members of the Class are owed on a pro-rata basis, together with other damages as pled herein.

## PARTIES

5. Defendant Rensselaer Polytechnic Institute is an institution of higher learning located in Troy, State of New York.

6. Upon information and belief, Defendant has an estimated endowment of approximately $739.6 Million.

7. Moreover, upon information and belief, Defendant may be eligible to receive federal stimulus under the CARES Act. The CARES Act directs that approximately 14 billion dollars be distributed to colleges and universities based upon enrollment and requires that institutions must use at least half of the funds they receive to provide emergency financial aid grants to students for expenses related to the disruption of campus operations due to COVID-19.

8. Plaintiff is an individual and a resident and citizen of the state of New Jersey.

9. Plaintiff is currently enrolled as a full-time student in Defendant's undergraduate program, studying applied physics.

10. Plaintiff has paid substantial tuition for the Spring 2020 semester either out of pocket, by utilizing student loan financing or otherwise.

11. There are hundreds, if not thousands, of institutions of higher learning in this country.

12. Some institutions of higher learning provide curriculum and instruction that is offered on a remote basis through online programming which do not provide for physical

attendance by the students.

13.     Defendant's institution offers in-person, hands-on curriculum.

14.     Plaintiff and members of the Tuition Class (described in paragraph 48) did not

choose to attend another institution of higher learning, or to seek an online degree, but instead

chose to attend Defendant's institution and enroll on an in-person basis.

15.     Defendant markets the on-campus experience as a benefit of enrollment:[1]

Designed to enrich and augment classroom and laboratory studies, the student
life experience is a vital part of Rensselaer's undergraduate education.

**GO TO STUDENT LIFE**

16.     The tuition for in-person instruction at Defendant's institution covers not just the

academic instruction, but encompasses an entirely different experience which includes but is not

limited to:

    i.    Face-to-face interaction with professors, mentors, and peers;

    ii.    Access to facilities such as computer labs, study rooms, laboratories, libraries,
    etc.;

    iii.    Student governance and student unions;

    iv.    Extra-curricular activities, groups, intramurals, etc.;

    v.    Student art, cultures, and other activities;

    vi.    Social development and independence;

    vii.    Hands-on learning and experimentation; and

    viii.    Networking and mentorship opportunities.

---

[1] https://www.rpi.edu/student-experience/

17.     Plaintiff's education has been changed from in-person, hands-on learning to online instruction.

18.     Plaintiff's online instruction is not commensurate with the same classes being taught in person.

19.     In addition to tuition, Plaintiff was required to and did pay certain mandatory fees, including but not limited to a $361 Undergraduate Activity Fee and a $328 Health Center Fee. Plaintiff also paid certain voluntary fees such as $65 for the school dance club.

20.     As a result of being moved off campus, Plaintiff no longer has the benefit of the services for which these fees have been paid.  For example, most student activities have been cancelled, student groups and activities disbanded, and most facilities, including the health center, have been closed or are not accessible to Plaintiff and other Members of the Fees Class (described in paragraph 48).

21.     In addition to the tuition and fees described above, Plaintiff paid "Room and Board" fees to reside in campus housing and for a meal plan providing for on-campus dining.

22.     At Defendant's request and direction, Plaintiff moved out of on-campus housing and has not lived on campus since, nor had access to any meals under her meal plan, facilities, activities, services, or other opportunities.

**JURISDICTION AND VENUE**

23.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

24.     This Court has personal jurisdiction over Defendant because Defendant is

domiciled in New York and conducts business in New York.

25.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendant is an educational institution domiciled and doing business in this District.

## FACTUAL ALLEGATIONS

26.     Upon information and belief, Defendant's Spring term began with the first day of classes on or about January 13, 2020.[2]

27.     Upon information and belief, Defendant's Spring term was scheduled to conclude with the last day of examinations on or about May 8, 2020 and commencement ceremonies on May 23, 2020.[3]

28.     Accordingly, Defendant's Spring semester was scheduled and contracted to consist of approximately 116 days.

29.     However, as a result of the COVID-19 pandemic, Defendant announced on March 10, 2020 that it was immediately cancelling all university-sponsored events, including "events sponsored by student organizations."[4]

30.     That same date, Defendant announced that all in-person classes would move exclusively to online instruction on March 16, 2020.[5]

31.     The following day, March 11, 2020, Defendant began requiring students to move out of on-campus housing.[6]

32.     Although Defendant is still offering some level of academic instruction via online classes, Plaintiffs and members of the proposed Tuition Class have been and will be deprived of

---

[2] https://info.rpi.edu/registrar/academic-calendar
[3] Id.
[4] https://covid19.rpi.edu/announcements/coronavirus-covid-19-rensselaer-suspends-all-person-instruction
[5] Id.
[6] https://covid19.rpi.edu/announcements/moving-out-residential-and-greek-commons

the benefits of on campus learning as set forth more fully above.

33.     Moreover, the value of any degree issued to students on the basis of online or pass/fail classes will be diminished for the rest of their lives.

34.     However, the Defendant has announced that it will not be issuing any tuition discount refunds for the Spring 2020 semester.

35.     Plaintiffs and members of the proposed Fees Class have been and will be deprived of utilizing services for which they have already paid, such as access to campus facilities, student activities, and other opportunities.

36.     Defendant has not announced any plans to issue fee discount refunds for the Spring 2020 semester.

37.     Defendant has announced that it will offer pro-rated refunds for unused housing charges and meal plan fees.  However, Defendant has arbitrarily decided to reduce these refunds by the net of student's financial aid from the University.

38.     This refund policy is unfair and wholly insufficient.

39.     Plaintiff's on-campus housing and meals refund was significantly less than the true pro-rata refund she should have received.  This is because, apparently, the refund was reduced pursuant to aid awards.  Notwithstanding Plaintiff's financial aid package, she was still required to take out substantial student loans to cover the costs of her education.

40.     Upon information and belief, institutional aid (both needs based and merit based) is offered as a fixed sum based upon qualification factors, and not as a percentage of total costs.

41.     Stated differently, upon information and belief, Plaintiff's financial aid amount would have been the same had she lived on campus or off campus.

42.     The total amount of Plaintiff's institutional financial aid was less than the cost of

just her tuition.

43.     Had Plaintiff chosen to live off campus, she still would have had to pay for the balance of tuition with student loans, as well as the mandatory and other fees.

44.     Because Plaintiff chose to live on-campus, her costs were even higher because she had to take out additional loans to cover the room and board fees.

45.     Accordingly, the amount of Plaintiff's institutional aid was applied first to her tuition bill, and was not used to cover any portion of her housing or meal fees since, upon information and belief, she would have been entitled to the same award even if she had not chosen to incur housing or meal fees.

46.     This is true of all Members of the On-Campus Housing Class and the Meals Class (which are each described in paragraph 48).

47.     Because Plaintiff's institutional aid was not applied to her housing or meal costs when it was disbursed, it is unfair and unlawful for Defendant to deduct the relative value of that aid in calculating the housing and meal fee pro-rata refund.

## CLASS ACTION ALLEGATION

48.     Plaintiff brings this action on behalf of herself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Classes:

**The Tuition Class:**

All people who paid tuition for or on behalf of students enrolled in classes at the University for the Spring 2020 semester and were denied live in-person instruction and forced to use online distance learning platforms for the latter portion of that semester.

**The Fees Class:**

All people who paid fees for or on behalf of students enrolled in classes at the University for the Spring 2020 semester.

**The On-Campus Housing Class:**

All people who paid the costs of on-campus housing for or on behalf of students enrolled in classes at the University for the Spring 2020 semester who moved out of their on-campus housing prior to the completion of the semester because of Defendant's policies and announcements related to COVID-19.

**The Meals Class:**

All people who paid costs for or on behalf of students for meals and on-campus dining at the University for the Spring 2020 semester.

49.     Excluded from the Classes are Defendant's Board of Directors (or other similar governing body) and any of their respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and the judicial officers, and their immediate family members, and Court staff assigned to this case.  Plaintiffs reserve the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

50.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

51.     This action has been brought and may be properly maintained on behalf of the Class proposed herein under Federal Rule of Civil Procedure 23.

## Numerosity: Fed. R. Civ. P. 23(a)(1)

52.     The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable.  Plaintiff is informed and believes there are thousands of members of the Class, the precise number being unknown to Plaintiff, but such number being ascertainable from Defendant's records.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which

may include U.S. mail, electronic mail, internet postings, and/or published notice.

**Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)**

53.     This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

i.     Whether Defendant engaged in the conduct alleged herein;

ii.    Whether there is a difference in value between online distance learning and live in-person instruction;

iii.   Whether Defendant breached its contracts with Plaintiff and the other members of the Tuition Class by retaining the portion of their tuition representing the difference between the value of online distance learning and live in-person instruction;

iv.    Whether Defendant was unjustly enriched by retaining tuition payments of Plaintiff and the Tuition Class representing the difference between the value of online distance learning and live in-person instruction;

v.     Whether Defendant breached its contracts with Plaintiff and the other members of the Fees Class by retaining fees without providing the services the fees were intended to cover;

vi.    Whether Defendant was unjustly enriched by retaining fees of Plaintiff and the other members of the Fees Class without providing the services the fees were intended to cover;

vii.   Whether Defendant breached its contracts with Plaintiff and the other members of the On-Campus Housing Class by not refunding them (or the students on whose behalf they paid)  the full pro-rated amount of their housing expenses when the

       pandemic prevented students from continuing to live on campus safely;

viii.    Whether Defendant was unjustly enriched by retaining payments of Plaintiff and the other members of the On-Campus Housing Class while students) moved out of their on-campus housing;

ix.    Whether Defendant breached its contracts with Plaintiff and the other members of the Meals Class by retaining costs for food and on-campus dining without providing those services which the costs were intended to cover;

x.    Whether Defendant was unjustly enriched by retaining payments of Plaintiff and the other members of the Meals Class without providing the food and on-campus dining options which those costs were intended to cover;

xi.    Whether certification of any or all of the classes proposed herein is appropriate under Fed. R. Civ. P. 23;

xii.    Whether Class members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and

xiii.    The amount and nature of relief to be awarded to Plaintiff and the other Class members.

### Typicality: Fed. R. Civ. P. 23(a)(3)

54.    Plaintiff's claim is typical of the other Class member's claims because, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.

### Adequacy: Fed. R. Civ. P. 23(a)(4)

55.    Plaintiff is an adequate Class representative because her interests do not conflict with the interests of other members of the Class she seeks to represent.  Plaintiff has retained

counsel competent and experienced in complex litigation; and Plaintiff intends to prosecute the action vigorously.  The Class's interests will be fairly and adequately protected by Plaintiff and her counsel.

## Superiority: Fed. R. Civ. P. 23(b)(3)

56.     A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  The damages or other financial detriment suffered by Plaintiff and other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct.

57.     Even if Class members could afford individual litigation, the Court system likely could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, comprehensive supervision by a single court, and finality of the litigation.

## Certification of Specific Issues: Fed. R. Civ. P. 23(c)(4)

58.     To the extent that a Class does not meet the requirements of Rules 23(b)(2) or (b)(3), Plaintiff seeks the certification of issues that will drive the litigation toward resolution.

## Declaratory and Injunctive Relief: Fed. R. Civ. P. 23(b)(2)

59.     The University has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with respect to the Class members as a whole.

11

### FOR A FIRST COLLECTIVE CAUSE OF ACTION
### BREACH OF CONTRACT
### (Plaintiff and Other Members of the Tuition Class)

60.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

61.     Plaintiff brings this count on behalf of herself and other members of the Tuition

Class.

62.     Plaintiff and the Tuition Class entered into contracts with the University which

provided that Plaintiff and other members of the Tuition Class would pay tuition for or on behalf

of students and, in exchange, the University would provide live in-person instruction in a

physical  classroom.

63.     Plaintiff and other members of the Tuition Class fulfilled their end of the bargain

when they paid tuition for the Spring 2020 semester either out-of-pocket, by using student loan

financing or otherwise.

64.     The University breached the contract with Plaintiff and the Tuition Class by

moving all classes for the Spring 2020 semester to online distance learning platforms, without

reducing or refunding tuition accordingly.

65.     The University retained tuition monies paid by Plaintiff and other members of the

Tuition Class, without providing them the full benefit of their bargain.

66.     Plaintiff and other members of the Tuition Class have suffered damage as a direct

and proximate result of Defendant's breach, including but not limited to being deprived of the

value of the services the tuition was intended to cover, namely live in-person instruction in a

physical classroom.

67.     As a direct and proximate result of Defendant's breach, Plaintiff and the Tuition

Class are legally and equitably entitled to damages, to be decided by the trier of fact in this

action, to include but not be limited to disgorgement of the difference between the value of the

online learning which is being provided versus the value of the live in-person instruction in a

physical classroom that was contracted for.

### FOR A SECOND COLLECTIVE CAUSE OF ACTION
### UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Tuition Class)

68.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

69.     Plaintiff brings this count on behalf of herself and other members of the Tuition

Class.

70.     The University has received a benefit at the expense of Plaintiff and other

members of the Tuition Class to which it is not entitled.

71.     Plaintiff and other members of the Tuition Class paid substantial tuition for live

in-person instruction in physical classrooms and did not receive the full benefit of the bargain.

72.     Plaintiff and other members of the Tuition Class conferred this benefit on

Defendant when they paid the tuition.

73.     Defendant has realized this benefit by accepting such payment.

74.     Defendant has retained this benefit, even though Defendant has failed to provide

the services for which the tuition was collected, making Defendant's retention unjust under the

circumstances.

75.     Equity and good conscience require that the University return a portion of the

monies paid in tuition to Plaintiff and other members of the Tuition Class.

76.     Defendant should be required to disgorge this unjust enrichment.


### FOR A THIRD COLLECTIVE CAUSE OF ACTION
### BREACH OF CONTRACT

13

**(Plaintiff and Other Members of the Fees Class)**

77.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

78.    Plaintiff brings this count on behalf of herself and other members of the Fees

Class.

79.    Plaintiff and the Fees Class entered into contracts with the University which

provided that Plaintiff and other members of the Fees Class would pay certain fees for or on

behalf of students and, in exchange, the University would provide services related to those fees,

such as access to student activities, athletics, wellness centers, libraries, etc.

80.    Plaintiff and other members of the Fees Class fulfilled their end of the bargain

when they paid these fees for the Spring 2020 semester either out-of-pocket, by using student

financing or otherwise.

81.    The University breached the contract with Plaintiff and the Fees Class by moving

all classes for the Spring 2020 semester to online distance learning platforms, constructively

evicting students from campus, and closing most campus buildings and facilities, without

reducing or refunding fees accordingly.

82.    The University retained fees paid by Plaintiff and other members of the Fees

Class, without providing them the full benefit of their bargain.

83.    Plaintiff and other members of the Fees Class have suffered damage as a direct

and proximate result of Defendant's breach, including but not limited to being deprived of the

value of the benefits and services the fees were intended to cover.

84.    As a direct and proximate result of Defendant's breach, Plaintiff and the Fees

Class are legally and equitably entitled to damages, to be decided by the trier of fact in this

action, to include but not be limited to disgorgement of the pro-rata amount of fees that was

collected but for which services were not provided.

## FOR A FOURTH COLLECTIVE CAUSE OF ACTION
## UNJUST ENRICHMENT
### (Plaintiff and Other Members of the Fees Class)

85.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

86.     Plaintiff brings this count on behalf of herself and other members of the Fees

Class.

87.     The University has received a benefit at the expense of Plaintiff and other

members of the Fees Class to which it is not entitled.

88.     Plaintiff and other members of the Fees Class paid substantial student fees for on

campus benefits and services and did not receive the full benefit of the bargain.

89.     Plaintiff and other members of the Fees Class conferred this benefit on Defendant

when they paid the fees.

90.     Defendant has realized this benefit by accepting such payment.

91.     Defendant has retained this benefit, even though Defendant has failed to provide

the services for which the fees were collected, making Defendant's retention unjust under the

circumstances.

92.     Equity and good conscience require that the University return a pro-rata portion of

the monies paid in fees to Plaintiff and other members of the Fees Class.

93.     Defendant should be required to disgorge this unjust enrichment.

## FOR A FIFTH COLLECTIVE CAUSE OF ACTION
## BREACH OF CONTRACT
### (Plaintiff and Other Members of the On-Campus Housing Class)

94.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

95.     Plaintiff brings this count on behalf of herself and other members of the On-

Campus Housing Class.

96.     Plaintiff and the On-Campus Housing Class entered into contracts with the University which provided that Plaintiff and other members of the On-Campus Housing Class would pay certain fees for or on behalf of students and, in exchange, the University would provide on-campus housing to those students.

97.     Plaintiff and other members of the On-Campus Housing Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out-of-pocket, by using student financing or otherwise.

98.     The University breached the contract with Plaintiff and the On-Campus Housing Class by moving all classes for the Spring 2020 semester to online distance learning platforms, and asked students to move out of on-campus housing facilities, thus constructively evicting them, without reducing or refunding fees accordingly.

99.     The University retained fees paid by Plaintiff and other members of the On-Campus Housing Class, without providing them the full benefit of their bargain.

100.     Plaintiff and other members of the On-Campus Housing Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the value of the housing that the room and board fees were intended to cover.

101.     As a direct and proximate result of Defendant's breach, Plaintiff and the On-Campus Housing Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the pro-rata amount of fees that were collected but for which services were not provided.


**FOR A SIXTH COLLECTIVE CAUSE OF ACTION**
**UNJUST ENRICHMENT**

**(Plaintiff and Other Members of the On-Campus Housing Class)**

102.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

103.    Plaintiff brings this count on behalf of herself and other members of the On-Campus Housing Class.

104.    The University has received a benefit at the expense of Plaintiff and other members of the On-Campus Housing Class to which it is not entitled.

105.    Plaintiff and other members of the On-Campus Housing Class paid substantial board fees for the right to occupy on-campus housing and did not receive the full benefit of the bargain.

106.    Plaintiff and other members of the On-Campus Housing Class conferred this benefit on Defendant when they paid the fees.

107.    Defendant has realized this benefit by accepting such payment.

108.    Defendant has retained this benefit, even though Defendant has failed to provide the housing and other amenities for which the fees were collected, making Defendant's retention unjust under the circumstances.

109.    Equity and good conscience require that the University return a pro-rata portion of the monies paid in fees to Plaintiff and other members of the On-Campus Housing Class.

110.    Defendant should be required to disgorge this unjust enrichment.

**FOR A SEVENTH COLLECTIVE CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Plaintiff and Other Members of the Meals Class)**

111.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

112.    Plaintiff brings this count on behalf of herself and other members of the Meals Class.

113.    Plaintiff and the Meals Class entered into contracts with the University which provided that Plaintiff and other members of the Meals Class would pay certain fees for or on behalf of students and, in exchange, the University would provide meals and on-campus dining options.

114.    Plaintiff and other members of the Meals Class fulfilled their end of the bargain when they paid these fees for the Spring 2020 semester either out-of-pocket, by using student financing or otherwise.

115.    The University breached the contract with Plaintiff and the Meals Class by moving all classes for the Spring 2020 semester to online distance learning platforms, constructively evicting students from campus, and closing most campus buildings and facilities, including dining facilities, without reducing or refunding fees accordingly.

116.    The University retained fees paid by Plaintiff and other members of the Meals Class, without providing them the full benefit of their bargain.

117.    Plaintiff and other members of the Meals Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the value of the benefits and services the fees were intended to cover.

118.    As a direct and proximate result of Defendant's breach, Plaintiff and the Meals Class are legally and equitably entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to disgorgement of the pro-rata amount of fees that was collected but for which meals and services were not provided.


**FOR AN EIGHTH COLLECTIVE CAUSE OF ACTION**
**UNJUST ENRICHMENT**

**(Plaintiff and Other Members of the Meals Class)**

119.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

120.    Plaintiff brings this count on behalf of herself and other members of the Meals Class.

121.    The University has received a benefit at the expense of Plaintiff and other members of the Meals Class to which it is not entitled.

122.    Plaintiff and other members of the Meals Class paid fees for access to on-campus meals and dining options.

123.    Plaintiff and other members of the Meals Class conferred this benefit on Defendant when they paid the fees.

124.    Defendant has realized this benefit by accepting such payment.

125.    Defendant has retained this benefit, even though Defendant has failed to provide the meals and services for which the fees were collected, making Defendant's retention unjust under the circumstances.

126.    Equity and good conscience require that the University return a pro-rata portion of the monies paid in meal fees to Plaintiff and other members of the Meals Class.

127.    Defendant should be required to disgorge this unjust enrichment.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff, individually and on behalf of members of the Classes, pray for judgment in their favor and against Defendant as follows:

a.    Certifying the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

b.    Declaring that Defendant is financially responsible for notifying the Class

members of the pendency of this action;

     c.     Declaring that Defendant has wrongfully kept monies paid for tuition, fees, on-campus housing, and meals;

     d.     Requiring that Defendant disgorge amounts wrongfully obtained for tuition, fees, on-campus housing, and meals;

     e.     Awarding injunctive relief as permitted by law or equity, including enjoining Defendant from retaining the pro-rated, unused monies paid for tuition, fees, on-campus housing, and meals;

     f.     Scheduling a trial by jury in this action;

     g.     Awarding Plaintiff's reasonable attorney's fees, costs and expenses, as permitted by law;

     h.     Awarding pre and post-judgment interest on any amounts awarded, as permitted by law; and

     i.     Awarding such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: April 25, 2020

                         **LYNN LAW FIRM, LLP**
                         By:_ /s/ Kelsey W. Shannon___
                             Kelsey W. Shannon
                         Bar Role No. 520477
                         101 South Salina Street, Suite 750
                         Syracuse, New York 13202-4983
                         Tel: (315) 474-1267
                         E-mail: kshannon@lynnlaw.com

-and-

**MOREA SCHWARTZ BRADHAM
FRIEDMAN & BROWN LLP**
John M. Bradham (Permanent Admission Pending)
Peter B. Katzman (Permanent Admission Pending)
444 Madison Avenue, 4th Floor
New York, New York 10022
Tel: (212) 695-8050
Email:  jbradham@msbllp.com
pkatzman@msbllp.com

-and-

**TOPTANI LAW PLLC**
Edward Toptani (Permanent Admission Pending)
375 Pearl Street, Suite 1410
New York, New York 10038
Tel: (212) 699-8930
Email: edward@toptanilaw.com

-and-

**ANASTOPOULO LAW FIRM, LLC**
Eric M. Poulin (*Pro Hac Vice* Admission Pending)
Roy T. Willey  IV (*Pro Hac Vice* Admission
Pending)
32 Ann Street
Charleston, South Carolina 29403
Tel: (843) 614-8888
Email: eric@akimlawfirm.com
roy@akimlawfirm.com

*ATTORNEYS FOR PLAINTIFF(S)*