TOLL FREE: 1 (800) 313-2546
FACSIMILE: (843) 494-5536

REPLY TO ANN STREET OFFICE
ROY@AKIMLAWFIRM.COM

**ANASTOPOULO LAW FIRM**

AKIM A. ANASTOPOULO (SC)
ERIC M. POULIN (SC)(NC)(GA)(CA)
ROY T. WILLEY, IV (SC)

BLAKE ABBOTT (SC)
JONATHAN N. ALKIS (SC)
CONSTANCE ANASTOPOULO (SC)*
GUS ANASTOPOULO (SC)
M. STEPHEN BLEVINS, JR. (SC)
STEFAN B. FEIDLER (SC)(GA)
MATTHEW T. FOSS (SC)
IVEY B. FRANKLIN (SC)
HERB F. GLASS (SC)(GA**)
THOMAS J. GODFREY (SC)(NC)
JUSTIN S. HEMLEPP (FL)
TRAVIS D. HILKA (SC)(NC)
J. CAMDEN HODGE (SC)
LANE D. JEFFERIES (SC)
JOSHUA E. JONES (SC)
BYRON V. LEARY, II (SC)
BRIAN P. KERLEY (SC)
ALEXIS W. MCCUMBER (SC)
MATTHEW L. NALL (SC)(KY)
INDIA D. SHAW (SC)(DC)
R. CASEY VAN VALKENBURGH (SC)(IL)(MO)
P. HEATH WARD (SC)
D. LEE WILLARD, JR. (SC)
L. CRAYTON WILLIAMS (SC)
JARRETT E. WITHROW (SC)

*OF COUNSEL
** PROVISIONAL LICENSE

November 24, 2020

**VIA ELECTRONIC FILING**
The Honorable Christian F. Hummel
United States District Court
Northern District of New York

RE:   *Ford, Deecher & Habicht v. Rensselaer Polytechnic Institute*,
      Case No. 1:20-cv-470

Dear Judge Hummel,

Plaintiffs respectfully write the Court pursuant to Local Rule 7(d)(3) in advance of filing a Motion to Compel. Plaintiffs respectfully request that this Court order Defendant to respond to Plaintiffs' discovery requests and for such other relief as this Court deems just and proper.

Plaintiffs filed their First Amended Complaint on September 10, 2020, (ECF 28) which Defendant answered on October 9, 2020 (ECF 29). Plaintiffs sent their first set of Discovery Requests, which included Interrogatories and Requests to Produce on October 13, 2020. Also on October 13, 2020, Defendant filed a Rule 12(c) Motion to Dismiss (ECF 30). On October 26, 2020, Defendant's counsel sent Plaintiffs' counsel a letter indicating an objection to the service of Interrogatories. To which, Plaintiffs' counsel responded "We do not believe an objection to discovery via letter is proper. If you wish to seek some variety of court relief from discovery please advise what relief via what means and we will advise if we can consent. Otherwise, please comply with the rules regarding discovery."

Rules 33 and 34 of the Federal Rules of Civil Procedure ("FRCP") instruct (and are specifically addressed in Plaintiffs' discovery requests), Defendant had 30 days to serve its answers and any objections. After Defendant failed to serve its answers or any objections on or before the November 12, 2020 deadline, Plaintiffs' counsel sent Defense counsel a Rule 11 letter electronically on November 13, 2020, indicating Defendant's discovery responses were overdue. In that letter, Plaintiffs allowed Defendant 7 additional days (until November 20, 2020) to respond with their answers before initiating the Motion to Compel process. When the answers to discovery requests were not furnished within the 7 additional days, Plaintiffs' counsel emailed Defendant's counsel to hold a telephone conference to fulfill this District's meet and confer requirement on discovery motions. In the interim, Defendant counsel's firm (in a nearly identical action in the Eastern District of New York: *Moore v. Long Island Univ.*, Lead Case No. 2:20-cv-03843) received a Text Order from the Honorable Judge Brian M. Cogan, which, in pertinent part, ordered: "[T]he Court has not stayed discovery and defendant must comply with all applicable deadlines . . . future failures to comply with the Court's Individual Practices or mandatory requirements will result in sanctions." In light of this, less than two hours later at 4:59pm, Defendant's counsel sent Plaintiffs' counsel a letter electronically stating once again that it did not believe discovery was appropriate at this time.

MAILING: 32 Ann Street, Charleston, South Carolina 29403
**North Charleston:** 2170 Ashley Phosphate Road, 3rd Floor, North Charleston, South Carolina 29406 * **Greenville:** 418 River Street, Greenville, SC 29601
**Florence:** 150 W. Evans Street, Florence, South Carolina 29501 * **Myrtle Beach:** 2411 N. Oak Street, Suite 407, Myrtle Beach, South Carolina 29577
**Columbia:** 1201 Main Street, Suite 1100, Columbia, South Carolina 29201 * **Charlotte, NC:** 525 N. Tryon Street, Suite 1600, Charlotte, NC 28202
**Wilmington, NC:** Appointment Only

Plaintiffs' counsel cannot consent to such a stay when Defense counsel has already answered the complaint, disregarded the first deadline to respond to Plaintiffs' discovery, and disregarded the second deadline to respond to discovery.  Defendant has still not responded to any discovery.

It is 11 days since Defendant's deadline to respond to Plaintiffs' discovery requests under the FRCP and Defendant is now requesting that this Court stay all discovery until the resolution their 12(c) motion.  Moreover, courts across the country are generally denying Motions to Dismiss on the grounds upon which Defendant would offer theirs, which while not binding upon this Court, makes Defendant's chance of success suspect at best. *See Salerno v. Fla. S. Coll.*, No. 8:20-CV-1494-30SPF, 2020 WL 5583522 (M.D. Fla. Sept. 16, 2020); *Milanov v. Univ. of Mich.*, Case No. 20-000056-MK, 2020 Mich. Ct. Cl. LEXIS 1, (Ct. Cl. July 27, 2020); *McDermott v. Ohio State Univ.*, No. 2020-00286JD, 2020 Ohio Misc. LEXIS 127, (Ct. Cl. Aug. 24, 2020); *Cross v. Univ. of Toledo*, No. 2020-00274JD, 2020 Ohio Misc. LEXIS 121, (Ct. Cl. July 8, 2020); *Mellowitz v. Ball State Univ. & Bd. of Trs. of Ball State Univ.,* 2020 Ind. Super. LEXIS 854, (Marion Sup. Ct. Civil Div. 14 Aug. 12, 2020); *Waitt v. Kent State Univ.*, 2020-00392JD (Oh. Ct. Cl. Sept. 28, 2020); *Garland v. Western Michigan Univ.*, 20-0063-MK (Mi. Ct. Cl. Sept. 15,2020); *Smith v. The Ohio State Univ.*, 2020-00321JD (Oh. Ct.Cl. Sept. 9, 2020); *Zahn v. Ohio Univ.*, 2020-00371JD (Oh. Ct. Cl. Oct. 19, 2020); *Rosado v. Barry Univ.*, 1:20-cv-21813-JEM, 2020 WL 6438684 (S.D. Fla. Oct. 30, 2020); *Spiegel v. Trustees of Indiana Univ.*, Cause No. 53C06-2005-CT-000771 (Monroe Cir. Ct. Nov. 19, 2020).

Plaintiffs' counsel affirms that they have communicated with Defendant's counsel in a good faith effort to resolve this matter prior to the filing of this letter, and any further attempts would serve no useful purpose.  Therefore, Plaintiffs respectfully requests this Honorable Court direct Defendant to provide responses to Plaintiffs' discovery and for any such further relief in favor of Plaintiffs as this Honorable Court may deem just and proper.

Respectfully submitted,

/s/ Roy T. Willey, IV

cc:     All Counsel of Record (via ECF)