UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MORGAN FORD, ETHAN DEECHER,
and GRADY HABICHT, individually and
on behalf of all others similarly situated,

        Plaintiffs,

      -v-                         1:20-CV-470

RENSSELAER POLYTECHNIC
INSTITUTE,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

This consolidated class action was brought by plaintiffs Morgan Ford, Ethan Deecher, and Grady Habicht ("Settlement Class Representatives" or "plaintiffs") against defendant Rensselaer Polytechnic Institute ("RPI" or "defendant") for harms they, and other RPI students similarly situated to them, allegedly suffered as a result of defendant's move from on-campus to online education at the start of the COVID-19 pandemic.

After the actions[1] were consolidated, Dkt. No. 26, defendant moved for a judgment on the pleadings against plaintiffs' claims, Dkt. No. 30. That motion was briefed, Dkt. Nos. 31–32, argued, Dkt. No. 36, and then granted in part and denied in part on December 16, 2020, Dkt. No. 42.

Thereafter, the parties conducted an extensive and contested period of discovery, *see, e.g.*, Dkt. Nos. 57, 60, 71, in advance of a lengthy mediation process, Dkt. No. 96. Ultimately, the parties notified the Court that they had reached a global settlement on June 28, 2023. Dkt. No. 102.

On August 25, 2023, this Court granted plaintiffs' unopposed request for preliminary approval of the Settlement, provisionally appointed plaintiffs as Settlement Class Representatives, provisionally appointed Class Counsel, and provisionally certified the following Settlement Class:

> All students enrolled in any RPI program on the Troy Campus who were assessed a Spring 2020 semester and/or Arch 2020 semester Tuition and Fees, with the exception of: (i) any person who withdrew from RPI on or before March 10, 2020; (ii) any person enrolled for the Spring 2020 semester solely in a program for that, at the beginning of the Spring 2020 semester, was intended to be delivered as an online program; (iii) any person who properly executes and files a proper and timely opt-out request to be excluded from the Settlement Class; and (iv) the legal representatives, successors or assigns of any such excluded person.

---

[1] The consolidated member case (1:20-CV-498) was administratively closed. Dkt. No. 26. All filings have been made in this lead action.

Dkt. No. 106 ¶ 5.  The Preliminary Approval Order also directed Notice to the proposed Settlement Class and set this matter down for a final approval hearing to be held on January 9, 2024 at 1:00 p.m.  Dkt. No. 106.  Thereafter, plaintiffs moved for final approval of the settlement, Dkt. No. 111, and for an award of attorney's fees and expenses, Dkt. No. 112.

Upon consideration of the parties' briefing in light of the governing law, and after conducting a hearing on this matter in open session on this date at the U.S. Courthouse in Utica, New York, at which <u>no objectors</u> appeared, **the Court finds and concludes that:**

(a) it has subject matter jurisdiction over this Action, and all matters relating to the Settlement, as well as personal jurisdiction over the parties and the Settlement Class Members for purposes of the Settlement;

(b) the definitions in the Settlement Agreement and all terms used in this Order shall have the same meanings as those set forth in the Settlement Agreement, Dkt. No. 105-1, unless otherwise defined;

(c) the Short Form Notice and Long Form Notice (the "Notices") provided to the Potential Settlement Class in accordance with the Preliminary Approval Order and Order approving the amended notices (Dkt. No. 109) constituted the best notice practicable under the circumstances of this Action and constituted due and sufficient notice of the proceedings and matters set forth therein, including of the Settlement, to all persons entitled to notice;

(d) the Notices fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules, including the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715;

(e) for purposes of the Settlement only, the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure;

(f) Class Counsel and the Settlement Class Representatives have fairly and adequately represented the Settlement Class, both with respect to litigation of the action and for purposes of negotiating, entering into, and implementing the Settlement;

(g) Class Counsel and the Settlement Class Representatives have satisfied the requirements of Rules 23(a)(4) and 23(g) of the Federal Rules of Civil Procedure;

(h) the Settlement:

   (i) is in all respects fair, reasonable, and adequate to the Settlement Class;

   (ii) was the product of informed, arms'-length negotiations amount competent, able counsel, and the negotiations were facilitated by an experienced medicator and U.S. Magistrate Judge, the Honorable Diane M. Welsh;

(iii) is based on a record that is sufficiently developed to have enabled the Settlement Class Representatives and RPI to adequately evaluate their positions;

(iv) provides relief to the Settlement Class that is adequate, taking into account the costs, risks, and delay of continued litigation and the effectiveness of the plan of allocation as outlined in the Settlement;

(v) treats Settlement Class Members equitably relative to one another; and

(vi) was received positively by the Settlement Class.

**Therefore, it is ORDERED and ADJUDGED that:**

1. Final approval of the Settlement is GRANTED pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

2. The individual who has timely and validly requested exclusion[2] from the Settlement Class is identified in Exhibit 1 of this Final Order ("Excluded Person");

3. The Settlement is fair, reasonable, and adequate to the Settlement Class;

4. The parties shall implement all of the terms and provisions of the Settlement;

---

[2] One individual timely opted out. But that person did not appear at the final hearing to lodge an objection.

5. Final Judgment shall be, and hereby is, entered dismissing the Action with prejudice, without taxation or costs to any Party;

6. The Settlement Class Representatives, Class Counsel, and all other Settlement Class Members, and each of their present, future, and former heirs, family members, guardians, executors, administrators, employees, agents, representatives, attorneys, outside counsel, predecessors, successors, assigns, and any person who has made payments to RPI on their behalf (hereinafter "Releasing Settlement Class Parties"), are hereby conclusively deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived and discharged RPI and all of its present, future, and former parent, subsidiary, and affiliated corporations and entities, the predecessors and successors in interest of any of them, and each of the foregoing's respective present, future, and former officers, directors, trustees, academic affiliates, employees, faculty members, students, agents, representatives, attorneys, outside counsel, predecessors, successors, insurers, agents, and assigns (hereinafter "Released RPI Parties"), from any and all suits, claims, controversies, rights, agreements, promises, debts, liabilities, accounts, reckonings, demands, damages, judgments, obligations, covenants, contracts, costs (including, without limitation, attorneys' fees and costs), losses, expenses, actions or causes of action of every nature, character, and description, in law or in equity, that any Releasing Settlement Class

Party ever had, or has, or may have in the future, against the Released RPI Parties upon or by reason of any matter, cause, or thing whatever from the beginning of the world to the Effective Date, arising out of, concerning, correlating in any way to RPI's transition to remote education or other services during and following the COVID-19 pandemic through the end of the Spring 2020 and Arch 2020 semesters, or the implementation or administration of such remote education or other services, including but not limited to all claims that were brought or could have been brought in the Action (hereinafter "Released Settlement Class Parties' Claims");

7. The Releasing Settlement Class Parties are hereby barred and permanently enjoined from instituting, asserting or prosecuting any or all of the Released Settlement Class Parties' Claims against any of the Released RPI Parties;

8. RPI and all of its present, future, and former parent, subsidiary, and affiliated corporations and entities, the predecessors and successors in interest of any of them, and each of the foregoing's respective present, future, and former predecessors, successors, and assigns (hereinafter "Releasing RPI Parties"), are hereby conclusively deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged the Settlement Class Representatives, Class Counsel, and all other Settlement Class Members, and each of their respective present, future,

and former heirs, family members, guardians, executors, administrators, employees, agents, representatives, attorneys, outside counsel, predecessors, successors, assigns, and any person who has made payments to RPI on their behalf (hereinafter "Released Settlement Class Parties"), from any and all claims RPI may have, had, or discover against the Released Settlement Class Parties arising out of or related in any way to the Released Settlement Class Parties' investigation, filing, prosecution, or settlement of this Action (hereinafter the "Released RPI Claims");

9. The Releasing RPI Parties are hereby barred and permanently enjoined from instituting, asserting, or prosecuting any or all of the Released RPI Claims against any of the Released Settlement Class Parties;

10. The manner of distribution of the Net Settlement Fund as described in the Settlement and in the Notices to Potential Settlement Class Members is hereby approved, subject to modification by further order of this Court, which may, at the discretion of the Court, be entered without further notice to the Settlement Class. Any order or proceedings relating to the manner of distribution of the Net Settlement Fund, so long as they are not materially inconsistent with this Final Judgment, shall not operate to terminate or cancel the Settlement or affect the finality of this Final Judgment approving the Settlement;

11. The Court hereby decrees that neither the Settlement nor this Final Judgment nor the fact of the Settlement is an admission or concession by RPI of any fault, wrongdoing, or liability whatsoever.  This Final Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.  Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption, or inference against RPI or the Released RPI Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Settlement;

12. Class Counsel are awarded attorneys' fees in the amount of **$2,166,666.66** and reimbursement of litigation expenses in the amount of **$121,813.13** with such amounts to be paid from out of the Settlement Fund in accordance with the terms of the Settlement;

13. Administrative Expenses, totaling **$119,360.60**, are to be paid out of the Settlement Fund to Simpluris to perform its responsibilities as the Settlement Administrator, in accordance with the terms of the Settlement;

14. Settlement Class Representatives are awarded a case contribution award in the amount of **$10,000** per Named Plaintiff, such amount to be paid from out of the Settlement Fund in accordance with the terms of the Settlement;

15. Without affecting the finality of this Final Judgment in any way, the Court retains and reserves jurisdiction over: (a) implementation of this

Settlement and any distributions from the Settlement Fund; (b) the Action, until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms and conditions of the Settlement and any further orders of the Court; and (c) the Parties, for the purpose of enforcing and administering the Settlement;

16. In the event that this Final Judgment does not become Final in accordance with Paragraph 1(l) of the Settlement, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement, and this Order shall be vacated. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void, except those necessary to effect termination of the Settlement. In such event, the Action shall return to its status immediately prior to execution of the Settlement; and

17. There is no just reason to delay the entry of this Final Judgment as a final judgment in this Action.

The Clerk of the Court is directed to enter this Final Judgment in the Action, terminate the pending motions, and close the case.

IT IS SO ORDERED.

Dated: January 9, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge

# EXHIBIT 1

Christian I. Allen
240-364-4664 (Cell)
allenc4.rpi@gmail.com
November 6, 2023
7217 Cliff Pine Drive Gaithersburg MD, 20879

Re: *Morgan Ford, Ethan Deecher, and Grady Habicht, on behalf of themselves and others similarly situated v. Rensselaer Polytechnic Institute*, Case No. 1:20-cv-00470-DNH-CFH

    My name is Christian I. Allen. I was an RPI student at the Troy Campus during Spring 2020 and the Summer Arch 2020 semester. As such I am a class member on Case No 1:20-cv-oo470-DNH-CFH. At this point I wish to **Opt out** of the proposed settlement. I do not wish to participate in this proposed settlement as I do not want to be bound by any judgement during this case. I have chosen to do so because I do not believe this proposed settlement is fair, adequate, and reasonable.

My Rensselaer student ID at the time I attended the school was 661 831 708. I graduated as part of the class of 2021.



166056

*Christian I. Allen*

Christian Isaiah Allen
Signed November 6, 2023

Christian I. Allen
17217 Cliff Pine Dr
Gaithersburg, MD 20879

CAPITAL DISTRICT 208
6 NOV 2023 PM 3 L

Ford v. Rensselaer Polytechnic Institute
c/o Settlement Administrator
P.O. Box 25226
Santa Ana, CA 92799

U.S. POSTAGE PAID
FCM LETTER
MONTGOMERY VILLAGE
MD 20886
NOV 06, 2023
$8.56
R2304H108255-9

CERTIFIED MAIL

9589 0710 5270 0760 3015 50